[Cite as *State v. Lawless*, 2013-Ohio-1236.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :         C.A. CASE NO.   25424

v.                               :         T.C. NO.   11CR4162

BRANDON A. LAWLESS              :       (Criminal appeal from
                                        Common Pleas Court)
    Defendant-Appellant          :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    29th    day of     March    , 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. No. 0041420, 5 N. Williams Street, Wright-Dunbar Business Village, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

BRANDON A. LAWLESS, #A668780, London Correctional Institute, P. O. Box 69, London, Ohio 43140
      Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

{¶ 1}   Appointed counsel for defendant-appellant Brandon Lawless submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967) on October 18, 2012, alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2}   Lawless was charged with one count of possession of cocaine (27 grams but less than 100 grams), a felony of the first degree in violation of R.C. § 2925.11.  Lawless was arrested on November 28, 2011, released, and then re-arrested on February 7, 2012. From February 7, until his hearing he was subject to electronic home monitoring, except he was allowed to go to his grandmother's funeral on April 2.   He pled guilty to the charge on August 29, 2012, and was sentenced on September 27, 2012, to three years of imprisonment, five years post-release control, and his driver's license was suspended for three and a half years.

{¶ 3}   Lawless filed a motion for jail time credit on September 13, 2012, which could not be calculated at the time.  During sentencing the trial court noted that jail time credit does not accrue for electronic home detention.

{¶ 4}   Further, Lawless filed a motion to suppress evidence on February 29, 2012, however, due to an agreed sentence of three years, the motion was orally withdrawn at the hearing.

{¶ 5}   We notified Lawless of his appellate counsel's representations and afforded him ample time to file a pro se brief.  None has been received.  This matter is now before us for our independent review of the record.

{¶ 6}   Lawless' appellate counsel has identified two possible issues for appeal

addressed below.

{¶ 7} THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO CREDIT HIM FOR TIME SERVED WHILE ON ELECTRONIC HOME DETENTION

{¶ 8} This court ruled previously on this issue in *State v. Holt*, 2d Dist. Montgomery No. 18035, 2000 WL 569930 (May 12, 2000). In that case we compared language from R.C. § 2967.191 (relating to jail-time credit) with previous R.C. § 2929.23(A)(4), which is similar to current R.C. § 2929.01(P) that relates to the definition of house arrest. Our Court decided that while the root word "confine" is used in both statutes, in R.C. § 2929.23 it was implied that the definition of house arrest only applied to post-conviction confinement and therefore was inapplicable to the pre-conviction electronic home detention program. Lawless was not subject to electronic home monitoring after his conviction and therefore he is not entitled to jail-time credit. Thus, his argument is wholly frivolous.

{¶ 9} THE TRIAL COURT ERRED WHEN IT DISAPPROVED SHOCK INCARCERATION AND INTENSIVE PROGRAM PRISON AT SENTENCING, BY NOT STATING SPECIFIC PARTICULARIZED REASONS FOR ITS DISAPPROVAL

{¶ 10} R.C. § 5120.032 states that for a felony of the first degree these programs are not available. Lawless was charged with a first degree felony and is therefore not eligible to participate in either program.

{¶ 11} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with the appointed

counsel that there are no arguably meritorious issues to present on appeal.

{¶ 12}   Accordingly, the judgment appealed from is affirmed.

. . . . . . . . . .

FAIN, P.J., DONOVAN, J., and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Michael C. Thompson
Brandon A. Lawless
Hon. Mary L. Wiseman